# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | | |
|---|---|---|
| **CODY LANCLOS** § | | CIVIL ACTION NO: |
| § | | |
| *Plaintiff* § | | 6:20-cv-1271 |
| v. § | | |
| § | | |
| **FORD MOTOR COMPANY AND** § | | |
| **HUB CITY FORD, INC.** § | | |
| § | | |
| *Defendants* § | | JURY TRIAL REQUESTED |

## **COMPLAINT**

### I. Parties

1. Plaintiff, CODY LANCLOS, has been at all times material hereto a resident and citizen of Opelousas, State of Louisiana.

2. Defendants, FORD MOTOR COMPANY, hereinafter "FORD," is a Delaware corporation with its principal place of business located in Michigan and a citizen of both Michigan and Delaware and is a warrantor of the subject vehicle that Plaintiff purchased and is a merchant in goods of the kind involved in this case.

FORD's agent for service of process is C T Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

3. Defendants, HUB CITY FORD, INC., hereinafter "HUB CITY FORD," is a Louisiana corporation with its principal place of business located in Louisiana and a citizen of the State of Louisiana and is the seller of the subject vehicle that Plaintiff purchased and is a merchant in goods of the kind involved in this case.

HUB CITY FORD's agent for service of process is David Elroy Citron, III, 2909 NW

Evangeline Thruway, Lafayette, Louisiana 70507.

## II. Jurisdiction

4. This Court has federal question jurisdiction over the lawsuit under the Magnuson-Moss Warranty Act pursuant to 15 USC § 2310(d); and 28 USC § 1331 in that the disputes involve predominant issues of federal law.

Declaratory relief is available pursuant to 28 USC §§ 2201 and 2202.

The court has supplemental jurisdiction under 28 USC § 1367 over Plaintiff's state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

## III. Venue

5. Venue is proper in this district under 28 U.S.C. §1391(a)(3) because the Defendants are subject to personal jurisdiction in this district and there is no other district where the suit may be brought.

## IV. Conditions Precedent

6. All conditions precedents have been performed or have occurred.

## V. Facts

### A. The Transaction

7. On August 28, 2019, Plaintiff purchased a new 2019 FORD F-250 bearing VIN: 1FT7W2BT3KEC86304, hereinafter "F-250," from HUB CITY FORD. The F-250 was purchased primarily for Plaintiff's personal use in the State of Louisiana. The sales contract was presented to Plaintiff at the dealership and was executed at the dealership.

8. The sales price of the F-250 was $72,070.00, exclusive of taxes, title, fees and finance

-2-

charges. Civil or Punitive penalties for breach of warranty are recoverable, if they are recoverable for breach of of implied and express warranties under the applicable state law. See **_Hughes v. Segal Enterprises, Inc._**, 627 F. Supp. 1231, 1238 (W.D. Ark. 1986); **_Chariton Vet Supply, Inc. v. Moberly Motors Co._**, 2:08CV47MLM, 2009 WL 1011500 (E.D. Mo. Apr. 15, 2009).

9. Plaintiff is also entitled to an award for non-pecuniary damages under La. Civil Code Articles 1998 in the amount of $50,000.00. See **_Beasley v. Ed's MobileHomes, Inc._**, 01-1549 (La. Ct. App. 3 Cir. 4/17/02), 824 So.2d 383, writ denied, 02-1408 (La. 9/20/02), 825 So.2d 1170.

### D. Actionable Conduct

10. In fact, when delivered, the F-250 was defective in materials and workmanship, with such defects being discovered shortly after purchased. Many defective conditions have occurred since purchase, including, but not limited to, the defects, non-conformities and conditions as follows:

   A. **ALL DEFECTS, NON-CONFORMITIES AND CONDITIONS REPAIRED BY THE DEFENDANTS;**

   B. **ELECTRICAL DEFECTS, NON-CONFORMITIES AND CONDITIONS; AND**

   C. **THE F-250 WAS OUT OF SERVICE OVER 50 DAYS.**

11. Since purchase, Plaintiff has returned his F-250 to the Defendants and its authorized dealers for repairs on numerous occasions. Despite this prolonged period during which Defendants were given the opportunity to repair the F-250, the Defendants have failed to repair the F-250.

12. Plaintiff directly notified the Defendants of the defects, non-conformities and conditions in the F-250 on numerous occasions.

13. The F-250 is a "thing" under La. Civil Code Articles 2520, et seq.

14. FORD is a "manufacturer" and "final assembler" of the F-250 under La. Civil Code

Articles 2520, et seq.

15. HUB CITY FORD is a "seller" under La. Civil Code Articles 2520, et seq.

16. Plaintiff is a "buyer" under in La. Civil Code Articles 2520, et seq.

17. The defects described in the F-250 vehicle meet the definition of a redhibitory defect as defined in La. Civil Code Articles 2520, et seq.

18. Plaintiff has provided the Defendants sufficient notice and opportunity to repair his F-250.

19. Plaintiff has performed each and every duty required of him under Louisiana Redhibition Laws, except as may have been excused or prevented by the conduct of the Defendants, as herein alleged.

20. The hidden defects, non-conformities and conditions in the F-250 existed at the time of sale, but were not discovered until after delivery. Neither Plaintiff nor a reasonable prudent buyer would have purchased the F-250 had he known of the defects prior to the sale.

21. Furthermore, the Defendants have failed to repair the F-250 which constitutes a breach of the implied warranties of redhibition and entitles Plaintiff to a rescission of the sale, return of the purchase price, plus all collateral costs of the sale, finance charges, insurance premiums, out of pocket expenses, and non-pecuniary damages under Louisiana Civil Code Articles 1998, et seq.

22. The actions of Defendants in failing to tender the F-250 to Plaintiff free of defects and refusing to repair or replace the defective constitutes a breach of the written and implied warranties and hence a violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

23. Under Louisiana Redhibition laws and the Magnuson-Moss Warranty Act, Plaintiff is entitled to recover a sum equal to the aggregate amount of attorney fees, costs and expenses, if

Plaintiff prevails. As a proximate result of Defendants' misconduct as alleged herein, and in an effort to protect his rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of Richard C. Dalton. Plaintiff has incurred and continue to incur legal fees, costs and expenses in connection here within.

## VI.  Prayer for Relief

23. For these reasons, Plaintiff prays for judgment against the Defendants for the following:

a. For general, special and actual damages according to proof at trial;

b. Rescinding the sale of the 2019 FORD F-250 bearing VIN: 1FT7W2BT3KEC86304 and returning to Plaintiff the purchase price including all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs, and damages;

c. For incidental and consequential damages according to proof at trial;

d. Out-of-pocket damages for expenditures related to any cost of repairs, deductibles; and towing charges;

e. Any diminution in value of the F-250 attributable to the defects;

f. Past and future economic losses;

g. Non-pecuniary damages under Louisiana Civil Code Articles 1998, et seq.;

h. Prejudgment and post-judgment interest;

i. Attorney fees;

j. Costs of suit, expert fees and litigation expenses; and

k. All other relief this Honorable Court deems appropriate.

**VII.  Demand for Jury Trial**

24. Plaintiff hereby demands trial by jury to the extent authorized by law.

RESPECTFULLY SUBMITTED:

BY: /s/ *Richard C. Dalton*
Richard C. Dalton
Texas Bar No. 24033539
Louisiana Bar No. 23017
California Bar No. 268598
P.O. Box 358
Carencro, Louisiana 70520-0358
rick@rickdaltonlaw.com
Tel. (337) 371-0375

ATTORNEY FOR PLAINTIFF